805 So.2d 982 (2001)
Elvedia ELDRIDGE, Appellant,
v.
INTEGRATED HEALTH SERVICES, INC.; Central Park Lodges, Inc., d/b/a Integrated Health Services of Lakeland at Oakbridge; and Integrated Health Services Development, Inc., Appellees.
No. 2D01-2344.
District Court of Appeal of Florida, Second District.
November 28, 2001.
Mathew L. Bahl of The Philpot Law Group, P.A., Lakeland, for Appellant.
James G. Lindquist of Barr, Murman, Tonelli, Slother & Sleet, Tampa, for Appellees.
PARKER, Acting Chief Judge.
Elvedia Eldridge appeals from a nonfinal order granting the amended motion to stay action and motion to compel arbitration of appellees Integrated Health Services, Inc.; Central Park Lodges, Inc., d/b/a Integrated Health Services of Lakeland at Oakbridge; and Integrated Health Services Development, Inc., in Eldridge's action for negligence and violation of nursing home residents' rights. We affirm the trial court's order.
Eldridge contended in the trial court the admission contract she entered into with the appellees was unconscionable and that, therefore, the arbitration clause in the contract was unenforceable. She cites Powertel, Inc. v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999), review denied, 763 So.2d 1044 (Fla.2000), for the proposition that a party must establish both procedural and substantive unconscionability in order to invalidate an arbitration clause. We affirm the trial court's ruling that, under the facts of this case, the admission contract was not procedurally unconscionable. Like the trial court, we do not reach the issue of substantive unconscionability because Eldridge failed to establish the necessary element of procedural unconscionability. See id. Because these are the only issues Eldridge raises regarding the validity of the arbitration clause, we do not address whether any other basis exists to hold the arbitration clause unenforceable.
Affirmed.
NORTHCUTT and CASANUEVA, JJ., concur.